UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 19-66-UNA |
| ) | |
| ) | |
| ) | 33 U.S.C. § 1908(a) |
| ) | (Failure to Maintain an Accurate Oil |
| v. ) | Record Book) |
| ) | |
| NIKOLAOS VASTARDIS, ) | 18 U.S.C. § 1519 |
| EVRIDIKI NAVIGATION, INC., ) | (Falsification of Records) |
| LIQUIMAR TANKERS MANAGEMENT ) | |
| SERVICES, INC. ) | 18 U.S.C. § 1505 |
| ) | (Obstruction of Justice) |
| ) | |
| ) | 18 U.S.C. § 1001 |
| ) | (False Statement) |
| ) | |
| Defendants. ) | 18 U.S.C. § 2 |
| ) | (Aiding and Abetting) |

REDACTED

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

The following statements are true at all times relevant to this Indictment:

**INTRODUCTION**

**A. THE DEFENDANTS**

1. Defendant **EVRIDIKI NAVIGATION, INC. (EVRIDIKI NAVIGATION),** a Liberian company with offices at 80 Broad Street, Monrovia, Liberia, was the owner of the MOTOR TANKER (M/T) EVRIDIKI, an 84,796 gross-ton, ocean-going oil tankship, with International Maritime Organization Number 9318137, registered under the flag of Liberia.

2. Defendant **LIQUIMAR TANKERS MANAGEMENT SERVICES, INC. (LIQUIMAR)**, a company with offices at 1-3 Alopekis Street, 106 75 Athens, Greece, was a ship management company, that managed and operated a fleet of ocean-going vessels including the M/T EVRIDIKI. As part of its management responsibilities, **LIQUIMAR**, acting on behalf of **EVRIDIKI NAVIGATION**, employed all crew members aboard the M/T EVRIDIKI.

3. Defendant **NIKOLAOS VASTARDIS (VASTARDIS)**, a citizen of Greece, was the Chief Engineer of the M/T EVRIDIKI. As the Chief Engineer, **VASTARDIS** was in charge of all engine room operations, reported directly to the ship's master, supervised engine room crew members, was responsible for the operation of the vessel's Oily Water Separator, and made entries in and maintained the vessel's Oil Record Book.

## LEGAL FRAME WORK

4. The United States is part of an international regime that regulates marine pollution, including the discharge of oil from vessels at sea, known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (MARPOL). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships (APPS), 33 U.S.C. § 1901, *et seq*. The regulations promulgated under APPS apply in part to all commercial vessels over 150 gross tons that carry oil in bulk as cargo while operating in United States waters, or while at a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

5. During the course of normal operation, large oil tanker vessels routinely generate "oily bilge water," which is defined as water which may be contaminated by oil resulting from things such as leakage or maintenance work in machinery spaces. 33 C.F.R. § 151.05. Any liquid

entering the bilge system including bilge wells, bilge piping, tank top or bilge holding tanks is considered oily bilge water. 33 C.F.R. § 151.05. This "oily bilge water," which is often referred to as "machinery space water," is collected, stored, and processed to separate water from the oil and other wastes using a pollution prevention control device known as an Oily Water Separator (OWS), and an oil-sensing device known as an Oil Content Meter (OCM). Oily bilge water may only be discharged overboard after passing through an OWS that limits the discharged effluent to 15 parts per million (ppm) of oil or less, as measured by the OCM. If the OCM detects an oil content of greater than 15 ppm in the effluent, it sounds an alarm, shuts down the pumps, and/or diverts flow back to the bilges in order to prevent the discharge into the sea of oil in an amount greater than 15 ppm.

6. MARPOL requires that for any oil tanker of 150 gross tons and above, any discharge overboard or disposal otherwise of bilge water that has accumulated in machinery spaces be recorded in an Oil Record Book. 33 C.F.R. § 151.25(d)(4). Each discharge must be fully recorded without delay so that all entries in the book appropriate to the operation are completed. 33 C.F.R. § 151.25(h). Each completed operation shall be signed by the person or persons in charge of the operation, and each completed page signed by the Master or other person having charge of the ship. 33 C.F.R. § 151.25(h). The Master or other person having charge of a ship required to keep an Oil Record Book shall be responsible for the maintenance of such a record. 33 C.F.R. § 151.25(h).

7. It is unlawful to act in violation of MARPOL, APPS, or implementing regulations. 33 U.S.C. § 1907(a). Any person who knowingly violates MARPOL, APPS or implementing regulations commits a Class D felony. 33 U.S.C. § 1908(a).

8. The United States Coast Guard (USCG), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS. In conducting inspections, commonly known as Port State Control examinations, USCG personnel rely on the statements of the vessel's crew and documents, including information contained in the Oil Record Book. The USCG is specifically authorized to examine a vessel's Oil Record Book to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate operating procedures; whether it poses any danger to United States' ports and waters; and whether the vessel has discharged any oil or oily mixture in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. § 151.23(a)(3) and (c).

## COUNT ONE

Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a);
Aiding and Abetting, 18 U.S.C. § 2

9. Paragraphs 1 through 8 of this Indictment are specifically incorporated and re-alleged herein.

10. On or about March 11, 2019, at the Big Stone Anchorage, Delaware Bay, Delaware, and within the District of Delaware, and elsewhere, Defendants,

**EVRIDIKI NAVIGATION, INC. and
LIQUIMAR TANKERS MANAGEMENT SERVICES, INC.,**

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of **EVRIDIKI NAVIGATION** and **LIQUIMAR**, and the Defendant,

**NIKOLAOS VASTARDIS,**

did knowingly fail and cause the failure to maintain an accurate Oil Record Book for the M/T EVRIDIKI, which fully recorded: (a) all discharge overboard of bilge water that had accumulated in machinery spaces; and (b) any failure, and the reasons for, of the oil filtering equipment. Specifically, during the period of on or about December 8, 2018, through on or about March 11, 2019, the Defendants falsely recorded and caused to be recorded that discharges of machinery space bilge water had been made through a properly functioning Oily Water Separator, in violation of Title 33, Code of Federal Regulations, Section 151.25; Title 33, United States Code, Section 1908(a); and Title 18, United States Code, Section 2.

## COUNT TWO

Obstruction of Justice, 18 U.S.C. § 1519;
Aiding and Abetting, 18 U.S.C. § 2

11. Paragraphs 1 through 8 of this Indictment are specifically incorporated and re-alleged herein.

12. During the period of on or about February 20, 2019, through on or about March 11, 2019, in the Big Stone Anchorage, Delaware Bay, Delaware, and within the District of Delaware and elsewhere, Defendants,

**EVRIDIKI NAVIGATION, INC. and
LIQUIMAR TANKERS MANAGEMENT SERVICES, INC.,**

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of **EVRIDIKI NAVIGATION** and **LIQUIMAR**, and the Defendant,

**NIKOLAOS VASTARDIS,**

with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely, the U.S. Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, an inspection of the M/T EVRIDIKI to determine the

vessel's compliance with U.S. law, did knowingly conceal, cover up, and falsify, and make false entries in a record and document, and cause the concealment, cover up, and falsification of a record or document; specifically the Oil Record Book for the M/T EVRIDIKI, contained entries indicating that required pollution prevention equipment had been used properly when discharging bilge water, when in fact, it had not, in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT THREE

Obstruction of Justice, 18 U.S.C. § 1505;
Aiding and Abetting, 18 U.S.C. § 2

13. Paragraphs 1 through 8 of the Introduction to this Indictment are specifically incorporated and re-alleged herein.

14. On or about March 11, 2019, in the Big Stone Anchorage, Delaware Bay, Delaware, and within the District of Delaware and elsewhere, Defendants,

**EVRIDIKI NAVIGATION, INC. and
LIQUIMAR TANKERS MANAGEMENT SERVICES, INC.,**

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of **EVRIDIKI NAVIGATION** and **LIQUIMAR**, and the Defendant,

**NIKOLAOS VASTARDIS**

did corruptly influence, obstruct and impede, and caused to corruptly influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, an agency within the Department of Homeland Security; specifically, on or about March 11, 2019, during a U.S. Coast Guard inspection of the M/T EVRIDIKI to determine the vessel's compliance with MARPOL and U.S. law, the Defendants did the following: (a) the ship's master presented Coast Guard inspectors with an Oil Record Book that falsely reported

6

that required pollution prevention equipment had been used properly when discharging bilge water; (b) when asked by USCG inspectors to demonstrate how the OWS was operated at sea, **VASTARDIS** ran the Oil Content Meter with the sample line closed in order to trick the system into reporting an oil content of less than 15 ppm; and (c) when asked by USCG inspectors to describe the position the OCM sample line valve during at-sea operations, **VASTARDIS** falsely stated that the valve was "open," all in violation of Title 18, United States Code, Sections 1505 and 2.

## COUNT FOUR

False Statement, 18 U.S.C. § 1001;
Aiding and Abetting, 18 U.S.C. § 2

15. Paragraphs 1 through 8 of the Introduction to this Indictment are specifically incorporated and re-alleged herein.

16. On or about March 11, 2019, in the Big Stone Anchorage, Delaware Bay, Delaware, and within the District of Delaware and elsewhere, Defendants,

**EVRIDIKI NAVIGATION, INC. and**
**LIQUIMAR TANKERS MANAGEMENT SERVICES, INC.,**

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of **EVRIDIKI NAVIGATION** and **LIQUIMAR**, and the Defendant,

**NIKOLAOS VASTARDIS**

did, in a matter within the jurisdiction of the United States Coast Guard, an agency within the Department of Homeland Security and within of the executive branch of the Government of the United States, did knowingly and willfully make, and caused to knowingly and willfully make materially false, fictitious, and fraudulent statements and representations. Specifically, defendants falsely stated and caused to be stated to the United States Coast Guard personnel that

when the vessel's Oily Water Separator was run at sea during normal operations, the valve to the sample line to the Oil Content Meter was fully open, when in fact it was not, in violation of Title 18, United States Code, Sections 1001 and 2.

TRUE BILL:

_____
Grand Jury Foreperson

DAVID C. WEISS
United States Attorney

By: _____   5/16/19
EDMOND FALGOWSKI
Assistant United States Attorney

By: _____   5/16/19
JOEL LA BISSONNIERE
Trial Attorney
Environment & Natural Resources Division
Environmental Crimes Section

8