UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|    *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 19-cr-00066-RGA |
| NIKOLAOS VASTARDIS, | ) |
| EVRIDIKI MANAGEMENT, INC. | ) |
| LIQUIMAR TANKERS MANAGEMENT | ) |
| SERVICES, INC. | ) |
| | ) |
|    *Defendants.* | ) |

**UNITED STATES' OPPOSITION TO, AND CROSS-MOTION TO DISMISS, PURSUANT TO RULE 12(b)(1) OR, IN THE ALTERNATIVE, RULE 12(b)(6), MOVANTS' MOTION TO DECLARE THE AGREEMENT ON SECURITY BREACHED BY THE UNITED STATES, FOR DAMAGES, TO DECLARE CONTRACT VOID, AND TO DISBURSE FUNDS**

This is a criminal case. As set forth more fully in the accompanying memorandum, the United States moves to dismiss a civil motion filed within it by the owner (Evridiki Navigation, Inc.) and operator (Liquimar Tankers Management, Inc.) of the *M/T Evridiki* (collectively, "Movants") "to Declare Agreement on Security Breached by the United States, For Damages, To Declare Contract Void, and To Disburse Funds Held in the Registry of the Court." D.I. 50 (Movants' Mot.). For the following reasons, the government respectfully submits that dismissal is appropriate:

1. A breach of contract claim such as this one is a civil—not criminal—matter. Instead of instituting a civil action, Movants file a civil claim in the criminal case. Because it is a civil claim, the Federal Rules of Civil Procedure apply, and dismissal under Rule 12(b)(1) (lack of subject matter jurisdiction) or Rule 12(b)(6) (failure to state a claim) is warranted;

2. Subject matter jurisdiction is doubtful. Numerous courts have held that the type of agreement at issue is not a maritime contract. Because it is not, the Court and parties are left to look to the Tucker Act, which generally waives sovereign immunity for contract claims against the government, but only in instances when the United States acts in a *proprietary*—not a *sovereign*—capacity. Here the actions at issue are sovereign in

nature, and it appears that no court has jurisdiction;

3. Movants' claims—even taken at face value—do not demonstrate breach of the Agreement on Security, which is the contract at issue;

4. Even if jurisdiction did exist, and even if an actual breach of contract had occurred, Movants' request for damages must fail due to a lack of evidentiary support; but

5. Congress did provide a potential remedy, a separate civil action under APPS Section 1904, which provides: "A ship unreasonably detained or delayed by the Secretary acting under the authority of this chapter is entitled to compensation for any loss or damage suffered thereby." 33 U.S.C. § 1904(h). Movants reserve the right to bring a future Section 1904 claim, but do not do so now. *See* D.I. 51 (Movants' Mem.) at 5-6 n.3 & 7 n.4.

Dated: July 19, 2019

                                              Respectfully submitted,

                                              DAVID C. WEISS
                                              United States Attorney

                                              */s/ Laura D. Hatcher*
                                              Laura D. Hatcher (#5098)
                                              Assistant United States Attorney
                                              1313 N. Market Street
                                              P.O. Box 2046
                                              Wilmington, Delaware 19899-2046
                                              (302) 573-6277
                                              laura.hatcher@usdoj.gov

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              */s/ Michael A. DiLauro*
                                              MICHAEL A. DiLAURO
                                              KALYNN E. HUGHES
                                              Trial Attorneys
                                              Aviation & Admiralty Litigation
                                              Torts Branch, Civil Division
                                              U.S. Department of Justice
                                              (overnight courier)
                                              175 N St., N.E., Ste. 8.1815
                                              Washington, D.C. 20002
                                              (mailing)
                                              P.O. Box 14271
                                              Washington D.C. 20044-4271

Telephone: (202) 616-4047
Facsimile: (202) 616-4159
michael.dilauro@usdoj.gov
kalynn.hughes@usdoj.gov