**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NIKOLAOS VASTARDIS, )<br>EVRIDIKI NAVIGATION, INC., )<br>LIQUIMAR TANKERS MANAGEMENT )<br>SERVICES, INC. )<br>)<br>Defendants. ) | Docket No.:1:19-cr-66-RGA |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR CONTINUANCE**

**COME NOW**, Defendants NIKOLAOS VASTARDIS, EVRIDIKI NAVIGATION, INC., and LIQUIMAR TANKERS MANAGEMENT SERVICES, INC. ("Defendants"), by and through undersigned counsel, and file the following Response in Opposition to the government's Motion to Continue Trial. DI 83. In support thereof, Defendants would respectfully show the following:

**INTRODUCTION**

Trial has long been set for December 9, 2019 and any continuance would be unfairly prejudicial to the Defendants under the facts and circumstances of this case. Defendants respectfully submit the following considerations for the Court consistent with the factors outlined in 18 U.S.C. 3161: a) significant logistical efforts have been taken to arrange for foreign witnesses to travel to Delaware and attend at trial; b) former crewmembers identified by the government as material witnesses who lived and worked onboard the M/T EVRIDIKI are unlikely to be available for trial in the future; c) Defendants have numerous fat witnesses traveling from abroad to attend at trial; d) Defendants also have three (3) expert witnesses who

1

have been scheduled for a December 9, 2019 trial for months (and it is unclear when they would be available for a continued trial as each keep very busy schedules); e) any continuance would likely lead to trial being delayed until July 2020,[1] and f) Defendants are not willing to waive their rights to a speedy trial.  Copies of defense counsel's exchanges with the government are attached hereto as Exhibit 1 and Exhibit 2.   The government's convenience and any interest in continuity of counsel is limited and ***does not, as they cannot,*** outweigh the rights of Defendants and the public interest in a speedy trial.[2]  *See, e.g.*, *United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997).

## STANDARD OF REVIEW

The Third Circuit Court of Appeals has made clear that the trial court has discretion to grant or deny a trial continuance. *See, e.g., United States v. McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013). In determining whether a continuance should be granted, a trial court is to consider the following factors:

> (1) the efficient administration of criminal justice;
> (2) the accused's rights, including an adequate opportunity to prepare a defense; and
> (3) the rights of other defendants awaiting trial who may be prejudiced by a continuance.

*McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013) (citations omitted); *see also Gov't of Virgin Islands v. Charleswell*, 115 F.3d 171, 174 (3d Cir. 1997) ("[T]rial judges must balance the conflicting demands of court administration with the rights of the accused. . ."). It is respectfully submitted that the continuance of the trial at this late date and to an unknown future date  would be an inefficient administration of criminal justice; would impinge on the

---

[1] As set forth in Exhibits 1-2, counsel for Organizational Defendants and C/E Vastardis have extensive trial commitments in the first half of 2020 in unrelated matters.
[2] C/E Vastardis' Speedy Trial limit expires on or about December 28, 2019.  Organizational Defendants on or about January 10, 2020.

Defendants protected rights to a speedy trial; would materially and significantly impair the Defendants ability to present a defense; and would unfairly multiply the cost, expenses, and hardship for Defendants to mount a defense to the Indictment.[3]

## ARGUMENT

The government's motion cites to 18 U.S.C. § 3161(7)(B)(iv), without analysis, for the proposition that the Court may grant a continuance when the failure to do so would 'unreasonably deny the government continuity of counsel.' DI 83, p. 2. The government's motion fails to address the prejudice which will be caused by a continuance.

**A.     Government Interest in Continuity of Counsel**

The Ninth Circuit Court of Appeals has commented on the types of factors which would be considered when weighing the government's interest in continuity of counsel, stating:

> As for the government's interest in continuity of counsel, we seriously doubt that where forty-two countable days have already passed, previously scheduled trials or vacations could ever support a two month 'ends of justice' delay. While continuity of counsel for the prosecution may be generally desirable, whether it is a sufficient basis to warrant a delay in any individual case will depend upon a number of factors, including, (1) the size of the prosecutor's office, (2) whether there is another qualified prosecutor available, (3) how much special knowledge the first prosecutor has developed about the case, (4) how difficult the case is, and (5) how different it is from other cases generally handled by the particular United States Attorney's office.

*United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997).

Here, all of these factors tip sharply in favor of denying the government's motion and proceeding to trial as scheduled on December 9, 2019. As this Court is aware, the present case involves alleged record-keeping violation(s) and attendant obstruction of justice charges pursuant to 33 U.S.C. § 1901, *et. seq.*, the Act to Prevent Pollution from Ships ("APPS"). The Department of Justice is the world's largest law office, employing more than 10,000 attorneys

---

[3] All material witnesses who have been deposed have vehemently denied any/all alleged misconduct. Their memories being fresh and their passions (and willingness) to testify at trial are likely to fade as time elapses.

nationwide.[4] The Environmental Crimes Section of the Environmental and Natural Resources Division of the United States Department of Justice specializes in these "vessel cases" ECS prosecutes; ECS attorneys routinely appear in similar cases around the country; routinely prosecute "vessel cases" cases nationwide; and have a robust team of forty-three (43) experienced and specialized prosecutors, plus twelve (12) support staff dedicated to these types of matters.[5] The U.S. Attorney's Office for the District of Delaware, by and through Assistant U.S. Attorney Edmond Falgowski, has been extensively involved in both the present case and in two (2) other APPS cases over the past two (2) years. *See, e.g. United States v. Chartworld Shipping Corp.*, 19-cr-58-RGA; *United States v. Navimax Corporation*, 18-cr-86-MN. In addition, AUSA Falgowski has assisted with and/or prosecuted several other similar "vessel cases." *See also*, *United States v. Pacific & Atlantic (Shipmanagers) Inc.*, 14-cr-00036-GMS; *United States v. Arab Ship Management*, 14-CR-00016-GMS; *United States v. Chian Spirit Maritime Enterprises, Inc.*, *et al*., 1:06-CR-00076-GMS.[6]

During the May 22-23, 2019 Rule 15 depositions of the material witness (former) crewmembers (19-mc-88), AUSA La Bissonniere was not present. Notwithstanding, AUSA LaBissonniere's conflicting social engagement, the government was able to (and did) proceed. AUSA Falgowski attended on behalf of the government and questioned the material witnesses expertly. Although AUSA Falgowski has filed a motion seeking to withdraw from the case (DI 80), that motion has not (yet) been granted. For sure, AUSA Falgowski has the knowledge, experience, and expertise to try this case (either independently and/or with the assistance of other attorneys from the Environmental Crimes Section of the Department of Justice - even if AUSA

---

[4] https://www.justice.gov/oarm/about-office, last accessed November 21, 2019.
[5] https://www.justice.gov/enrd/environmental-crimes-section, last accessed November 21, 2019.
[6] In *Chian Spirit*, DOJ-ECS prosecutors sought leave of Court to excuse local counsel. This request was <u>denied</u> by Judge Sleet.

La Bissonniere is not available). *See e.g.*, *United States v. Chartworld Shipping Corp.*, DI 114 (notice of appearance of Stephen DaPonte as trial co-counsel on behalf of United States less than one (1) month before the start of trial).

The present case is not unique and not so specialized that it requires AUSA La Bissonniere's participation to proceed. DOJ-ECS routinely adds and, when necessary, changes trial counsel in "vessel cases" just before trial. Here, the local U.S. Attorney's Office for the District of Delaware was involved in and took the lead in the grand jury investigation, the indictment, and all proceedings conducted before the Court to date. Richard Udell, Senior Trial Counsel for the Environmental Crimes Section has been involved in the present case since at least October 2019 and likely earlier. The government's suggestion that it cannot proceed to trial as scheduled is simply untrue. Accordingly, the motion should be denied and the matter proceed to trial on December 9, 2019.

**B.** **The Government Expressly Agreed to Expedite All Proceedings**

The government has expressly, affirmatively, and unambiguously agreed to "expedite" all proceedings. As the Court is aware, on March 28, 2019, the government required the Organizational Defendants to enter into an Agreement on Security with the United States of America, wherein the government expressly agreed to expedite its investigation **and** expedite all subsequent proceedings, including trial. *Id.*, at p. 8, ln. 176-178. Specifically, the government agreed ". . . to take reasonable measures to expedite the investigation of the Alleged Violations, **and** any subsequent proceedings." *Id.*, at ¶ 4 (emphasis added). Continuing the trial squarely contravenes the government's promise to expedite the resolution of this case and contravenes the obligations set out in the Agreement on Security. The promise to expedite was a material and fundamentally important term in exchange for agreeing to enter into the Agreement on Security.

**C.     Prejudice to the Defendants**

The continuance of trial to a future date will have a significant impact on the Defendants' ability to present their defense; would prejudice the Defendants' rights; and would unfairly and unnecessarily impair the Defendants' Constitutional guarantee of a fundamentally fair trial.  *See McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013); *see also* Exhibit A.  Defendants address each of the critical points below.

1. Unavailability of Crewmember Witnesses

All nine (9) of the material witnesses previously detained by the government are foreign seafarers from Greece, Romania, and the Philippines.  The government previously opposed the departure of these witnesses from the United States for many reasons, including but not limited to, the fact that even with a promise by the crewmembers to return to the United States for trial and authorizing their counsel to accept trial subpoenas on their behalf, there is no way to compel their return for trial.  Eight (8) of the nine (9) seafarers[7] have been patiently standing by to attend the December 9, 2019 trial and are ready to travel to the District of Delaware. All have tickets to fly.  These witnesses have significant exculpatory testimony for the Defendants in this case, yet their future availability is unlikely.  Rule 15 depositions were taken on May 22-23, 2019, however, those examinations were performed before the government completed its Rule 16 disclosure obligations (most of which was not received until long after the material witnesses departed).  As the government has argued in this and all other similar "vessel cases,", there is a "strong preference" for live testimony. *United States v. Ismaili*, 828 F.2d 153, 161 (3d Cir.1987). For the Defendants, this consideration is paramount.  Presenting a defense by video tape will all but ensure (wrongful) conviction(s).

---

[7] Captain Nikolaos Katsolis is currently working onboard a Vessel and has stated through counsel that he is unavailable to return to the United States for trial on December 9, 2019.

### 2. Any Further Delay is Unreasonable

The Supreme Court has repeatedly held that "unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972); *Smith v. Hooey*, 393 U.S. 374, 377-379 (1969); *United States v. Ewell*, 383 U.S. 116, 120 (1966)).  Because of these significant concerns, excessive delay to the trial by itself will lead to the presumption of prejudice to the defendant(s).  *United States v. Claxton,* 766 F.3d 280, 296 (3d Cir. 2014).

The M/T EVRIDIKI was first detained in March of 2019 and Defendants have incurred significant costs, fees, and expenses to investigate the allegations and to respond to the charges. C/E Vastardis has been detained in the United States since March 11, 2019.  The continuance of the trial will cause continued anxiety, uncertainty, and disruption while the matter remains pending and unresolved.  The ability of C/E Vastardis to retain his engineering license and/or return to work at sea will continued to be impaired until the present case is resolved.  For the Organizational Defendants, the pending charges impact commercial operations internally, as well as with business partners and third-parties.  In addition, the preparation for trial is a large undertaking for many shore-side employees and staff within the companies.

In preparing for the December 9, 2019 trial date, Defendants, their fact witnesses, retained experts, consultants, and counsel have spent a considerable amount of time, effort, and costs in preparing for the trial.  Any continuance would lead to much of that work and effort being fruitless and necessary to be re-done to prepare for trial at a future date.  The Defendants

are likely to be deprived of fact and/or expert witnesses due to scheduling conflicts and/or other unavailability caused by a delay. Memories of the Defendants' witnesses relating to the underlying facts, allegations contained in the Indictment, and the purported activity which occurred onboard during the period of August 2018 – March 2019 will only continue to fade and dim with the passage of time, all of which is prejudicial to Defendants. *Claxton,* 766 F.3d at 296.

Accordingly, these factors weigh in favor of denying the government's motion and proceeding with trial on December 9, 2019.

## CONCLUSION

**WHEREFORE**, Defendants respectfully ask this Honorable Court to enter an Order denying the government's motion for continuance.

Dated: November 21, 2019    Respectfully submitted,

Oyster Bay, New York

**CHALOS & CO, P.C.**

/s/ George M. Chalos
George M. Chalos
Briton P. Sparkman
Melissa D. Russo
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel:    (516) 714-4300
Fax:    (516) 750-9051
Email: gmc@chaloslaw.com
            bsparkman@chaloslaw.com
            mrusso@chaloslaw.com

Attorneys for the Defendants
Evridiki Navigation, Inc. and
Liquimar Tankers Management
Services, Inc.

/s/ Bruce M. Merrill
Bruce M. Merrill
225 Commercial Street, Suite 501
Portland, Maine 04101
Tel:	(207) 775-3333
Fax:	(207) 775-2166
Email: mainelaw@maine.rr.com

Attorney for the Defendant,
Nikolaos Vastardis

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2019, the foregoing was filed using the Court's CM/ECF filing system, which will send electronic notification of this filing to counsel of record.

/s/ George M. Chalos
George M. Chalos